UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-49 (MJD/FLN)

United States of America,

    Plaintiff,

v.

Hamza Naj Ahmed (1),
Adnan Abdihamid Farah (3),
Abdurahman Yasin Daud (4),
Zacharia Yusuf Abdurahman (5),
Hanad Mustofe Musse (6),
Guled Ali Omar (7),

    Defendants.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF JOINT MOTION FOR BILL OF PARTICULARS**

    Defendants Hamza Naj Ahmed, Adnan Abdihamid Farah, Abdurahman Yasin Daud, Zacharia Yusuf Abdurahman, Hanad Mustofe Musse and Guled Ali Omar, by and through their undersigned counsel, respectfully move the Court for an Order directing the Government to produce a Bill of Particulars specifying the nature of the charges against Defendants including, in particular, the precise nature of the material support they allegedly conspired and attempted to provide; the individuals with whom they allegedly conspired; and the nature of their alleged connection to the Islamic State of Iraq and the Levant ("ISIL"). These particulars are necessary so that Defendants may properly understand the charges against them and effectively prepare for pre-trial motions and trial.

    A Bill of Particulars is appropriate "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or

minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.2d 984, 989-990 (8th Cir. 2002). While the decision to grant a Bill of Particulars rests within the sound discretion of the district court, United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993), "a defendant is entitled to know what behavior is alleged to constitute the offense he is charged with." United States v. Idriss, 2004 WL 733977, *4 (D. Minn. Mar. 1, 2004).

Notably, the fact that the Bill of Particulars may reveal the Government's evidence or theories of prosecution is irrelevant if the defendant is entitled to the requested information. As the Second Circuit has noted, "if necessary to give the defendant enough information about the charge to prepare his defense, a bill of particulars will be required even if the effect is disclosure of the Government's evidence or theories." See United States v. Barnes, 158 F.3d 662, 665 (2nd Cir. 1998).

Here, the Superseding Indictment alleges Defendants conspired and agreed with "others, known and unknown to the grand jury" without identifying who the "other" alleged co-conspirators were. Moreover, it does not allege the alleged co-conspirator's connection to a terrorist organization. The Superseding Indictment does not identify the "material support and resources, including personnel" that Defendants allegedly provided (or attempted to provide) nor to whom they allegedly provided it. Finally, the Superseding Indictment does not reveal what "terrorist activity and terrorism" were engaged in by ISIL or even the basis for designating ISIL as an alias of al-Qaida when the group has never

identified itself as such.  Similarly, the discovery does not provide Defendants with sufficient detail about the charges to prepare a defense.

The Government has premised its prosecution on the theory that Defendants were conspiring or attempting to provide material support to ISIL (designated as an alias for al-Qaida) in the form of "material support and resources, including personnel," in violation of 18 U.S.C. §2339B.  As the Supreme Court has pointed out in Holder v. Humanitarian Law Project, 561 U.S. 1 (2010), "Congress has increased the clarity of §2339B's terms by adding narrowing definitions," including an amendment in 2004 that defines "personnel" under this provision "as knowingly providing a person 'to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization.'" Id. at 23 (citing §2339B(h)).  As the Court emphasized, "[t]he statute makes clear that 'personnel' does not cover independent advocacy: 'Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.'" Id.

Accordingly, it is a key component of a material support charge for the government to prove that the defendant was acting in concert, not just with others, but others *connected to the foreign terrorist organization at issue*.  Courts have not hesitated to order the Government to produce Bills of Particulars to identify co-conspirators where their existence and identity is in dispute. See, e.g., United States v. Cree, 2012 WL 6194395, *6 (D. Minn. Dec. 12, 2012)(in racketeering conspiracy, defendant "must be aware of who the United States will claim at trial were his co-conspirators because this is critical and basic aspect of

3

810489.v1

the charges against him")(citing cases); United States v. Garcia, 2006 WL 1302270, *8 (D. Minn. May 8, 2006)(granting motion for bill of particulars to require identification of co-conspirators).

Moreover, where, as here, Defendants intend to challenge the constitutionality of the statute, this Court has found that a prosecution's failure to provide specific charges impeded a defendant's ability to prepare an effective defense and ordered a Bill of Particulars. See United States v. Warsame, 537 F.Supp.2d 1005, 1011 (D. Minn. 2008).

Given the significance of both the nature of the material support, and its connection with the terrorist organization at issue, the Government should be directed to provide a Bill of Particulars identifying the following:

1. When and where Defendants allegedly entered the conspiracy alleged in Count One.
2. The "others" with whom Defendants allegedly conspired or acted in concert with;
3. To the extent applicable, their affiliation with ISIL;
4. Each act of "material support and resources" allegedly provided by or agreed to be provided by or attempted to be provided by Defendants including:
    a. Each specific act of the provision of – or agreement to provide – "personnel";
    b. The time, date and place of each provision of – or agreement to provide – "personnel";
    c. To whom each such act of "material support or resources" was allegedly provided or agreed to be provided;

4

810489.v1

      d. How each such act of "material support or resources" constituted "material support or resources" to a "foreign terrorist organization"; and

      e. The specific objectives each such act of "material support or resources" allegedly advanced.

5. Were the conspiracies, or attempts, alleged in Counts 1, 2, 3, and 4 of the Superseding Indictment one and the same set of facts, or partly co-extensive, or completely separate.

6. What "terrorist activity" and terrorism" were engaged in by ISIL as alleged in the Superseding Indictment.

7. What is the basis for designating ISIL as an alias of al-Qaida when the group has never identified itself as such.

8. What acts allegedly demonstrate that Defendants were working under ISIL's direction or control.

9. What acts allegedly demonstrate that Defendants conspired, or attempted, to organize, manage, supervise or otherwise direct the operation of ISIL.

Accordingly, Defendants respectfully request that the Court enter an Order directing the Government to provide a Bill of Particulars.

Dated: August 6, 2015          MURRAY LAW, LLC

                               By:  _s/JaneAnne Murray_____
                                    JaneAnne Murray, #384887
                               The Flour Exchange Building
                               310 Fourth Avenue South, Suite 5010
                               Minneapolis, Minnesota 55415
                               Telephone: (612) 339-5160
                               jm@mlawllc.com

                               **ATTORNEY FOR HAMZA NAJ AHMED**


Dated: August 6, 2015          PAUL ENGH LAW OFFICE

                               By:  __s/Paul C. Engh_____
                                    Paul C. Engh, #134685
                               220 South Sixth Street, Suite 1225
                               Minneapolis, Minnesota 55402
                               Telephone: (612) 252-1100
                               engh4@aol.com

                               **ATTORNEY FOR ADNAN ABDIHAMID FARAH**


Dated: August 6, 2015          DELEON & NESTOR, LLC

                               By:  ___s/Bruce D. Nestor_____
                                    Bruce D. Nestor, #0318024
                               3547 Cedar Avenue South
                               Minneapolis, Minnesota 55407
                               Telephone: (612) 659-9019
                               Facsimile: (612) 436-3664
                               nestor@dnestlaw.com

                               **ATTORNEY FOR ABDURAHMAN YASIN DAUD**

6

810489.v1

Dated: August 6, 2015                    FELHABER LARSON

By: __*s/Jon M. Hopeman*_____
       Jon M. Hopeman, #47065
       Marnie E. Fearon, #305078
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 339-6321
Facsimile: (612) 338-0535
jhopeman@felhaber.com
mfearon@felhaber.com

**ATTORNEYS FOR ZACHARIA YUSUF ABDURAHMAN**


Dated: August 6, 2015                    GASKINS, BENNETT, BIRRELL, SCHUPP, LLP


By: __*s/Andrew S. Birrell*_____
       Andrew S. Birrell, #133760
       Paul C. Dworak, # 391070
       Ian S. Birrell, #396379
333 South Seventh Street, Suite 3000
Minneapolis, Minnesota 55402
Telephone: (612) 333-9500
Facsimile: (612) 333-9579
abirrell@gaskinsbennett.com
pdworak@gaskinsbennett.com
ibirrell@gaskinsbennett.com

**ATTORNEYS FOR HANAD MUSTOFE MUSSE**

Dated: August 6, 2015					MITCHELL, BRUDER & JOHNSON

							By: __*s/Glenn P. Bruder*_____
							       Glenn P. Bruder, #148878
							7505 Metro Boulevard, Suite 325
							Edina, Minnesota 55439
							Telephone: (952) 831-3174
							Facsimile: (951) 831-3176
							gbruder@bruderlaw.com

							**ATTORNEY FOR GULED ALI OMAR**

810489.v1